11-1405-ag
Chen v. Holder

BIA
A078 293 062

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

XIU XING CHEN,
> *Petitioner,*

v.                                           11-1405-ag
                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Stuart Mitchell Lewis Altman, Westfield, New Jersey.

FOR RESPONDENT:        Tony West, Assistant Attorney General; William C. Peachey, Assistant Director, Office of Immigration Litigation; Mona Maria Yousif, Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiu Xing Chen, a native and citizen of the People's Republic of China, seeks review of the March 25, 2011, order of the BIA denying her motion to reopen. *In re Xiu Xing Chen*, No. A078 293 062 (B.I.A. Mar. 25, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Chen's motion to reopen as untimely and number-barred was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than ninety days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. §§ 1229a(c)(7)(A), 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Chen's 2010 motion was untimely and number-barred, as she previously filed two motions to reopen, and the final administrative

2

order was issued in 2005. *See* 8 U.S.C. §§ 1229a(c)(7)(A), 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA concluded that Chen failed to establish changed circumstances for Christians arising in China.

Chen argues that she demonstrated an increase in China's persecution of underground Christian church members since her 2003 merits hearing. The BIA's determination that the evidence failed to demonstrate changed circumstances in China is supported by substantial evidence. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's fact-finding regarding changed circumstances for substantial evidence). While the background materials Chen submitted noted an increase in the number of Christians persecuted between 2006 and 2009, there is no indication of the conditions that existed at the time of Chen's 2003

3

merits hearing, or whether the increase in incidents corresponded to a proportionate increase in church members. Furthermore, the 2009 reports from the State Department provide that the Chinese government "continued to strictly control religious practice," suggesting similar treatment of underground churches in previous years.  Additionally, the BIA did not err in affording minimal weight to Chen's mother's statement that Chinese officials controlled underground churches "more strictly recently" due to the lack of corresponding dates or details.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (holding that "the BIA does not abuse its discretion in crediting the State Department reports in the face of uncorroborated anecdotal evidence to the contrary").  Substantial evidence therefore supports the BIA's finding that Chen did not establish changed conditions for Christians in China.

Because the evidence Chen submitted was insufficient to establish a change in country conditions, the BIA did not abuse its discretion in concluding that she failed to meet an exception to the filing requirements, and in consequently denying her motion to reopen as untimely and number-barred. *See* 8 U.S.C. §§ 1229a(c)(7)(A), 1229a(c)(7)(C)(i)-(ii); 8

4

C.F.R. § 1003.2(c)(2)-(3).  Contrary to Chen's argument that the BIA ignored evidence, the BIA explicitly addressed her background materials in its decision, and did not err in failing to cite each piece of evidence because substantial evidence supports its findings.  *Xiao Ji Chen*, 471 F.3d at 336 n.17.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5